UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-08903-CBM-E | Date | December 17, 2024 |
|---|---|---|---|
| Title | People of the State of California v. Pomona Lodge LLC, et al | | |

Present: The Honorable   CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| V.R. VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| NONE PRESENT | NONE PRESENT |

Proceedings:   **IN CHAMBERS- ORDER RE: PLAINTIFF'S MOTION TO REMAND**

The matter before the Court is Plaintiff's Motion to Remand. (Dkt. No. 9 ("Motion").)

### I.   BACKGROUND

This is a public nuisance abatement action filed in state court on March 29, 2024, by the People of the State of California (by and through the City of Pomona) (the "City") against Defendants Pomona Lodge LLC, Kanu Patel, Hemlata Patel, HJ Hospitality, Inc., Hima Naik, and Does 1 through 50. (Dkt. No. 1-1 ("Complaint").) On October 10, 2024 Defendants Kanu and Hemlata Patel removed this action from Los Angeles Superior Court to this Court on the grounds that this Court has jurisdiction under 28 U.S.C. section 1441(c)(1)(A) because the "alleged sex and drug trafficking claims" require Plaintiff to prove "the exercise of its police powers is being exercised for public use and not for purposes of 'Private Taking.'" (Dkt. No. 1 at 2.) On November 7, 2024, Plaintiff filed the instant Motion.

### II.   STATEMENT OF LAW

28 U.S.C. § 1441 provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under the "well-pleaded complaint rule," federal question jurisdiction is present only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Id.* A defense or counterclaim based on federal law does not give rise to federal question jurisdiction. *Id.* at 10. There is a "strong presumption against removal jurisdiction," and "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Defendant bears the burden of establishing that removal is proper. *Hunter*, 582 F.3d at 1042. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id*.

### III.   DISCUSSION

**A.   Request for Judicial Notice**

The City first requests judicial notice of the following documents (Dkt. No. 9-1):

- The City's motion for temporary restraining order, preliminary injunction motion, permanent injunction, and appointment of receiver filed on May 22, 2024 in state court.
- The state court's July 29, 2024 order granting the City's injunction and receivership motion.
- A September 11, 2024 notice of ruling re the City's motion in state court.

These documents are publicly available court records. Therefore, the Court grants the City's request and takes judicial notice of these filings, but not the truth of the content therein. *See* Fed. R. Evid. 201; *GemCap Lending, LLC v. Quarles & Brady, LLP*, 269 F. Supp. 3d 1007, 1019 (C.D. Cal. 2017), *aff'd sub nom. GemCap Lending I, LLC v. Quarles & Brady, LLP*, 787 F. App'x 369 (9th Cir. 2019) (granting judicial notice of district court's order and docket because they "are public records").

In a supplemental request for judicial notice, the City also requests judicial notice of a declaration by Aaron Chandler, filed in this action while it was in state court, in support of a motion for permanent injunction and appointment of receiver. (Dkt. No. 12-1.) While this is also a publicly available court record, the City attempts to use this document to establish certain events that the declaration attests to, and the Court may not take judicial notice of the declaration for the truth of the contents therein. *See Pellegrini v. Fresno Cnty.*, 742 F. App'x 209, 211 (9th Cir. 2018). Therefore, the Court denies the supplemental request for judicial notice.

**B.   Timeliness**

Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days "after the receipt by the defendant, through service or otherwise," of (1) a copy of the initial pleading" which is removable on its face; or (2) "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

The parties do not appear to dispute that the Patel Defendants were served with the Complaint on April 8, 2024. The Complaint provides notice in its "Prayer for Relief" that one of the remedies sought was "an order authorizing the execution and sale of the Subject Property to satisfy the judgment as provided by law." (Compl. at 13–14.) Therefore, the Patel Defendants had notice that the City sought the sale of the property, and thus notice of their constitutional private takings argument, when they were served with the Complaint. The Patel Defendants removed this case on October 10, 2024. (Dkt. No. 1.) Accordingly, the Patel Defendants' removal was untimely. *See* 28 U.S.C. § 1446(b)(1).

**C.   Subject Matter Jurisdiction**

"The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (citing *Caterpillar*, 482 U.S. at 392). The Supreme Court has recognized an exception to the well-pleaded complaint rule for a "'special and small category' of state law claims that arise under federal law for purposes of § 1331 'because federal law is 'a necessary element of the . . . claim for relief.'"

*City of Oakland*, 969 F.3d at 904 (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). In determining whether this exception to the well-pleaded complaint rule applies, the Court must determine whether the state law claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

Here, the City brings claims under state statutes—specifically, the Redlight Abatement Act, Drug Abatement Act, and Public Nuisance statutes. (Dkt. No. 1-1.) These claims do not "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also City of Oakland*, 969 F.3d at 906 (state law claims for public nuisance fail to raise a substantial federal question). The Patel Defendants argue that the City's claims are "inextricably intertwined with" federal questions related to the "Fifth Amendment Private Takings Doctrine" and the Fourteenth Amendment "Due Process Clause." (Notice of Removal at 2–3.) These arguments are affirmative defenses to the City's claims. "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), *opinion amended on denial of reh'g*, 387 F.3d 966 (9th Cir. 2004). "Rather, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id.*; *see also ARCO Env't Remediation, L.L.C. v. Dept. of Health and Env't Quality,* 213 F.3d 1108, 1113 (9th Cir. 2000) ("the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims").

The Patel Defendants fail to show that either constitutional issue they raise is an essential element of any of the City's state law claims. Therefore, the Court lacks subject matter jurisdiction, and the Patel Defendants' removal based on federal question jurisdiction was improper.

**D.     Request for Fees and Costs**

The City seeks an award of fees and costs based on Defendants' improper removal. The Court finds there was no objectively reasonable basis for the Patel Defendants' removal. Therefore, an award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" is warranted.

### IV.     CONCLUSION

Accordingly, the Court **GRANTS** the Motion to Remand. This action is remanded to state court.

Because "[t]he award of fees pursuant to section 1447(c) is collateral to the decision to remand," this Court "retain[s] jurisdiction after the remand to entertain Plaintiff['s] [request] for attorney's fees." *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992). The City shall file its motions requesting reasonable fees and actual costs incurred as a result of the removal, noticed for a hearing date of **no later than February 11, 2024**.

**IT IS SO ORDERED.**